# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1999 SESSION



FILED

March 24, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9806-CC-00179 |
| Appellee, | ) |
| | ) Carroll County |
| V. | ) |
| | ) Honorable C. Creed McGinley, Judge |
| | ) |
| **JAMES ALFRED ANDERS,** | ) (Rape) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

GUY T. WILKINSON
District Public Defender

BILLY R. ROE, JR.
Assistant District Public Defender
117 North Forrest Avenue
Camden, TN 38320

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

J. ROSS DYER
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243

ROBERT "GUS" RADFORD
District Attorney General

ELEANOR CAHILL
Assistant District Attorney General
24th Judicial District
P.O. Box 686
Huntingdon, TN 38344

OPINION FILED: _____

**AFFIRMED AS MODIFIED**

**JOHN EVERETT WILLIAMS,**
Judge

**O P I N I O N**

James Alfred Anders appeals as of right from a judgment of the Circuit Court of Carroll County convicting him of rape following a jury trial. The trial court sentenced him as a range I standard offender to ten years' confinement, with a release eligibility of thirty percent. The sole issue presented for our review is whether the evidence at trial was sufficient to support the defendant's conviction. We AFFIRM the trial court's judgment of conviction but MODIFY the sentence imposed below to conform with statutory mandates.

**BACKGROUND**

On Friday, June 20, 1997, the defendant rented a room for the weekend at the Shannon Lee Motel. Donald Hatcher, an acquaintance and co-worker of the defendant, lived at the Shannon Lee. The defendant visited Hatcher in his room several times during the next two days. Hatcher testified that the defendant became irritated and attempted to start a fight with him during one of these visits. On another occasion, the defendant told him that he had a knife in his room and that he had stabbed a person. Hatcher asserted that, because of these incidents, he was afraid of the defendant.

On Sunday, June 22, 1997, the defendant again visited Hatcher in his room. After the two had talked for some time, the defendant asked Hatcher if he could see him without his clothes. Hatcher said no. The defendant asked again, and Hatcher again declined. The defendant then offered Hatcher forty dollars, but Hatcher still refused. At that point, Hatcher testified, the defendant jumped up and ran to the door, locked it, and stated, "I'm going to do whatever it takes to see you out of your clothes."

According to Hatcher, after the defendant locked the door, he held one hand behind his back and told Hatcher to remove his clothes. Hatcher began to disrobe, and the defendant pulled Hatcher's underwear down and removed his

shirt. At the defendant's direction, Hatcher then removed the remainder of his clothes and lay on the bed. The defendant got on top of Hatcher and attempted to engage in anal sex. When he was unable to penetrate Hatcher, the defendant got up and went to his room to retrieve some lubricant.

When the defendant left, Hatcher locked the door and got dressed. He testified that he intended to leave and contact the police. Before he could escape, however, the defendant returned and knocked on his door. Hatcher stated that he opened the door and started to leave, but the defendant would not let him pass. According to Hatcher, the defendant physically pushed him back inside the room. The defendant again told Hatcher to undress and to lie on the bed. Hatcher complied, allegedly out of fear of the defendant.

The defendant then repeated his earlier attempt to engage in anal sex. Hatcher testified that he did not attempt to physically resist. He stated, however, that he yelled for help and repeatedly told the defendant to stop. The defendant did not stop. Instead, according to Hatcher, the defendant held him down with his hands pinned under him so that he could not remove them and proceeded to anally penetrate Hatcher with his penis. Hatcher testified that he did not consent.

When the defendant finished, he put some money on the table and left. Hatcher showered, got dressed, and went to his sister's home. He and his sister then went to the police and reported that the defendant had raped him.

The defendant's trial testimony materially differed from Hatcher's only in that he denied any suggestion of force or coercion and denied that Hatcher had told him to stop. Rather, he asserted that the act was consensual and suggested that Hatcher's allegations were the result of his desire to justify the incident after his becoming ashamed of having sex with another man.

**ANALYSIS**

When an appellant challenges the sufficiency of the evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). The appellee is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom. See State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

The credibility of witnesses, the weight of their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the trier of fact. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Gentry, 881 S.W.2d 1, 3 (Tenn. Crim. App. 1993). A jury verdict for the state accredits the testimony of the state's witnesses and resolves all conflicts in favor of the state. See State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Moreover, a guilty verdict removes the presumption of innocence enjoyed by defendants at trial and replaces it with a presumption of guilt. See State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Thus, an appellant challenging the sufficiency of the evidence carries the burden of illustrating to this Court why the evidence is insufficient to support the verdict. See State v. Freeman, 943 S.W.2d 25, 29 (Tenn. Crim. App. 1996).

The defendant has not carried this burden. Rape is defined, in pertinent part, as the "unlawful sexual penetration of a victim by the defendant or of the defendant by a victim accompanied by any of the following circumstances . . . [f]orce or coercion is used to accomplish the act . . . [or] [t]he sexual penetration is accomplished without the consent of the victim and the defendant knows or

has reason to know at the time of the penetration that the victim did not consent." Tenn. Code Ann. § 39-13-503(a)(1)-(2).

Thus, to sustain the defendant's conviction, there must be proof of both (1) sexual penetration and (2) either coercion or lack of consent. The defendant concedes sexual penetration, but he denies that the act was nonconsensual or coerced. He argues that Hatcher's testimony to the contrary is illogical and uncreditworthy and that the totality of the evidence preponderates in his favor. In essence, he asks this Court to reweigh the evidence. This we cannot do.

Hatcher testified at trial that he repeatedly told the defendant to stop. This testimony, if believed by the jury, was clearly sufficient to establish Hatcher's lack of consent and that the defendant had reason to know that Hatcher did not consent. The credibility of witnesses is a question for the trier of fact; the jury was competent to credit Hatcher's testimony and discredit that of the defendant. This issue is without merit.

**RELEASE ELIGIBILITY**

Finally, although not raised by the parties, we observe that the sentence imposed below indicates an incorrect release eligibility. During the defendant's sentencing hearing, the trial judge twice noted that the defendant would be required to serve his entire sentence. Nevertheless, the judgment sheet indicates a release eligibility of thirty percent. An offender who commits rape on or after July 1, 1995, "shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained." Tenn. Code Ann. § 40-35-501(I)(1), (2)(G). Because the trial judge was aware of the correct release eligibility, we need not remand for resentencing. Cf. State v. Delbert Lee Harris, No. 01C01-9705-CC-00177 (Tenn. Crim. App. filed Sept. 30, 1998, at Nashville) (concluding that remand for resentencing was appropriate when trial court erred as to release eligibility because trial court's imposition of sentence

-5-

was uninformed).  We modify the sentence below to comport with the above

cited statute.


### CONCLUSION

The trial court's judgment of conviction is affirmed.  The sentence

imposed below is modified in that the defendant shall have no release eligibility,

and this cause is remanded to the trial court for entry of a judgment consistent

with this opinion.

_____

JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____

DAVID G. HAYES, Judge

_____

JOE G. RILEY, Judge